IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| In re RONALD GIBSON, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| JOHN S. NARMONT, | ) | No.  09-3041 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the |
| v. | ) | U.S. Bankruptcy Court |
| | ) | Central District of Illinois |
| RONALD GIBSON, | ) | Hon. Mary Gorman, presiding |
| | ) | Bankruptcy No. 04-71343 |
| Appellee. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

John S. Narmont, attorney for Debtor Ronald Gibson (Gibson), appeals from an Order of the Bankruptcy Court finding him in contempt. The Bankruptcy Court found Narmont in contempt for recording a Memorandum of Judgment against Gibson in Greene County, Illinois, while Gibson's Chapter 12 bankruptcy was still pending.  The Memorandum of Judgment stated that an interim award of attorney fees in Gibson's bankruptcy proceeding constituted a judgment in favor of Narmont and against Gibson.  Narmont appeals the Bankruptcy Judge's Order finding

1

him in contempt on the basis that he was not given proper notice of the contempt proceedings and opportunity to defend.  The Court agrees with Narmont with respect to the contempt finding and therefore reverses and remands the case to allow the Bankruptcy Court to provide Narmont with adequate notice and opportunity to be heard.

## STATEMENT OF FACTS

On December 24, 2003, Gibson and his wife, Rosa Gibson, put their farm property in Carrollton, Illinois, in a land trust.  <u>Record on Appeal (d/e 1) (Record)</u>, Part 8, <u>Objection to Motion to Avoid Lien (Objection)</u>, Exhibits D and E, <u>Trust Agreement dated December 22, 2003, and Warranty Deed in Trust, dated December 23, 2003</u>.  They then paid Narmont a retainer of $10,000.00, and $239.00 for expenses, and Narmont represented the Gibsons in two bankruptcy proceedings.  Rosa Gibson filed a Chapter 7 liquidation bankruptcy proceeding.  On March 22, 2004, Gibson filed this proceeding, which was originally a Chapter 11 reorganization, but was converted to a Chapter 12 farm reorganization proceeding.

On May 18, 2004, Narmont filed an application for an interim award of $3,293.75 in fees and $619.00 in costs.  The Court approved the award

2

by an interim order entered June 8, 2004.  Record on Appeal (d/e 1) (Record), Part 9, Bankruptcy Court Opinion entered November 4, 2008 (Bankruptcy Opinion), at 2. On December 15, 2004, the Bankruptcy Court approved Narmont's second interim application for attorney fees in Gibson's bankruptcy.  The second interim order stated:

> The Application for Approval of Attorney Fees and Expenses incurred in Chapter 11 case totaling $8,560.50 as of November 23, 2004 in the above captioned cause is heard and allowed.

Record, Part 3, Gibson Letter dated September 24, 2008, docketed as Motion to Reopen Case and Avoid Lien (Gibson Letter), Exhibit H, Order Approving Application for Approval of Attorney's Fees and Expenses entered December 15, 2004.[1]

Gibson's Chapter 12 plan of reorganization was confirmed on April 8, 2005.  The day before, on April 7, 2005, they assigned the beneficial interest in the land trust to their daughter Carla Haydon and her husband Jason S. Haydon, but retained a life estate in the beneficial interest. Objection, Exhibit F and G, Assignment of Beneficial Interest, dated April 7, 2005, and Acceptance by Assignee, dated April 7, 2005.

On May 5, 2005, the Bankruptcy Court entered a third interim order

---

[1]The first interim order entered June 8, 2004, is not in the record on appeal.

approving attorney fees in Gibson's bankruptcy. The May 5, 2005, Order stated:

> The Petition for Approval of Attorney Fees in the amount of $6,963.00 as of April 25, 2005 in the above captioned cause is heard and allowed.

Objection, Exhibit B, Order Approving Petition for Approval of Attorney's Fees, entered May 5, 2005.

On May 24, 2005, Gibson wrote Narmont asking that the Chapter 12 bankruptcy be dismissed. Gibson reaffirmed his decision to dismiss the case voluntarily by letter to Narmont dated June 21, 2005. On July 5, 2005, Gibson wrote Narmont and the Bankruptcy Court to request the dismissal. On that same date, Narmont recorded a Memorandum of Judgment against Gibson in the Greene County, Illinois, recorder's office asserting a judgment against Gibson in the sum of $8,560.50. The Memorandum of Judgment stated that the judgment was rendered on December 15, 2004, in Gibson's bankruptcy. Objection, Exhibit C, Memorandum of Judgment.

The Bankruptcy Court dismissed the bankruptcy on Friday, July 8, 2005. Narmont filed a motion to dismiss on Monday July 11, 2005, after the case had already been dismissed.

On September 29, 2008, the Bankruptcy Court received a letter from

Gibson dated September 24, 2008. The letter was treated as a motion to reopen the Chapter 12 bankruptcy and to avoid Narmont's judgment lien. The Bankruptcy Court reopened the proceeding. The Bankruptcy Court then sent out a notice for a hearing to be held on October 21, 2008, at Gibson's request to avoid the lien. The notice stated:

> PLEASE TAKE NOTICE that a Hearing will be held at US Courthouse, Room 232, 600 E Monroe St, Springfield, IL 62701 on 10/21/08 at 09:00 AM to consider the following: Motion to Avoid Lien filed by Debtor Ronald L Gibson.

Record, Part 6, Notice of Hearing. On October 16, 2008, Narmont recorded a release of the lien. On October 20, 2008, Narmont filed an Objection to the request to avoid the lien. The Objection contained a copy of the release. Objection, Exhibit K, Release of Memorandum of Judgment.

Narmont appeared at the hearing. At the hearing, the Bankruptcy Court announced that Gibson's letter would be treated as a motion for sanctions for violation of the automatic stay. Record, Part 11, Transcript of Hearing on October 21, 2008 (Transcript), at 3. The Bankruptcy Court entered a written opinion in which the Court stated that the letter would be considered a motion for contempt against Narmont. Bankruptcy Opinion, at 2. The Court found that Narmont had violated the automatic stay. 11

5

U.S.C. § 362. The Court also found that Narmont had violated the terms of the confirmed plan. See 11 U.S.C. § 1227. The Bankruptcy Court then found Narmont in indirect civil contempt and enjoined him from using the interim attorney fee award order in this case to create a lien on the property of the Debtor. Narmont appeals from this decision.

ANALYSIS

Narmont claims that the Bankruptcy Court erred in finding him in contempt. He argues that the Bankruptcy Court: (1) erred in failing to give him adequate notice that, at the October 21, 2008, hearing, the Bankruptcy Court would treat Gibson's letter as a motion for contempt; (2) erred in finding Narmont had violated the automatic stay and the terms of the Chapter 12 plan; and (3) erred in finding that the interim fee order was not a final judgment which could be recorded against Gibson.

This Court reviews the Bankruptcy Court's factual determinations for clear error only. Bankr. Rule 8013. A factual finding is clearly erroneous if on reviewing the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." Matter of Thirtyacre, 36 F.3d 697, 700 (7th Cir. 1994). The Court reviews the Bankruptcy Court's legal conclusions de novo. Matter of Sheridan, 57 F.3d 627, 633 (7th Cir.

1995). Decisions within the discretion of the Bankruptcy Court may only be reviewed for an abuse of discretion. A decision is an abuse of discretion only if no reasonable person could agree with the Bankruptcy Court. See In re Morris, 223 F.3d 548, 554 (7th Cir. 2000). Under these standards of review, the Court agrees that the Bankruptcy Court abused its discretion in proceeding with the contempt hearing without adequate notice. The Court remands for a hearing with adequate notice.

Generally, a party is entitled to notice of a charge of contempt and an opportunity to be heard. Manez v. Bridgestone Firestone North American Tire, LLC, 533 F.3d 578, 589-91 (7th Cir. 2008). In this case, the Bankruptcy Court issued a notice that the October 21, 2008, hearing would consider Gibson's motion to avoid Narmont's lien. Narmont responded accordingly. He was not notified that the hearing would concern whether he should be held in contempt. He was entitled to such notice. The Court, therefore, reverses the finding of contempt and remands for another hearing after adequate notice. Narmont would then have the opportunity to present his response to the contempt charge.

Narmont also appeals: (1) the Bankruptcy Court's finding that he violated the automatic stay and the confirmed Chapter 12 plan and (2) the

7

Bankruptcy Court's determination that the interim fee orders were not judgments after Gibson's bankruptcy was dismissed. Typically, the Court would not comment on these issues at this time because Narmont did not have a full opportunity to address these issues before the Bankruptcy Court. The Court, however, determines that the facts do not appear to be disputed and that the legal issues are sufficiently well-framed that some additional comment by this Court, at this time, will facilitate resolution of this matter on remand.

Based on the record on appeal, the Bankruptcy Court did not err in finding that Narmont violated the automatic stay and the terms of the confirmed Chapter 12 plan. The automatic stay prohibits a creditor from performing "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). Narmont's recording of a Memorandum of Judgment was an act designed to create a lien on any real property owned by Gibson in Greene County, Illinois. 735 ILCS 5/12-101. The document served no other function. Any real property owned by Gibson in Greene County would have been property of the estate. 11 U.S.C. §§ 541(a)(1), 1207(a)(1). Thus, the evidence supports the Bankruptcy Court's determination that Narmont committed an act to create

a lien on property of the estate in violation of the automatic stay.

The Court cannot determine whether Narmont violated the terms of the confirmed Chapter 12 plan because the plan is not in the record on appeal. The plan of reorganization sets forth how all creditors will be paid, including a debtor's counsel. 11 U.S.C. § 1225. All creditors are bound by the confirmed plan. 11 U.S.C. § 1227. Narmont, thus, was bound by the confirmed plan. The Bankruptcy Court stated that the plan called for payment of administrative expenses, including Narmont's fees, by May 15, 2005. Bankruptcy Opinion, at 3. Gibson appears to have defaulted on this term of the plan. If so, Narmont may have been entitled to some recourse. He could pursue remedies under the Bankruptcy Code for the default. See 11 U.S.C. §§ 362(d), 1208(c). The plan may also have authorized him to pursue other remedies. Without the plan, the Court cannot evaluate this issue fully.

Narmont argues that he did not violate the stay because the Memorandum of Judgment did not create a lien on Gibson's farm property. The Memorandum of Judgment did not create a lien on the farm because the property was titled in the name of the trustee of the land trust. See Matter of Leonard, 125 F.3d 543, 545 (7th Cir. 1997). This observation

9

begs the question.  Section 362 barred Narmont from taking any action to create a lien on property of the estate.  Narmont took the prohibited act; he recorded the Memorandum of Judgment.  Once the automatic stay is in effect, creditors cannot record memoranda of judgment against the debtors, regardless of whether the debtors actually own any real estate.  That is the point of § 362(a)(4).  The fact that Narmont did not succeed in creating a lien did not change the fact that he took the prohibited act.

Narmont also argues that the Bankruptcy Court erred in holding that the interim attorney fee orders were not final judgments which would properly form a basis for the Memorandum of Judgment.[2]  The Bankruptcy Court stated that Narmont could not record a memorandum of judgment because the interim fee orders were not final judgments even after the bankruptcy was dismissed.  <u>Bankruptcy Opinion</u>, at 8-9.[3]  Based on the record, the Court cannot determine whether the fee orders are sufficiently

---

[2]The Court only addresses the Bankruptcy Court's legal conclusion that the fee orders were not final judgments after dismissal.  The Court does not address the scope of remedies available for a violation of the automatic stay or a breach of a confirmed plan.

[3]The Bankruptcy Court also stated that Narmont incorrectly stated in the Memorandum of Judgment that he had a judgment against Rosa Gibson.  <u>Bankruptcy Opinion</u>, at 8.  The Bankruptcy Court was correct, and Narmont does not appeal that finding.

definite to constitute a judgment on which Narmont could record a memorandum of judgment.

A creditor may record a memorandum of judgment if the judgment is a final order for payment of a definite sum of money. 735 ILCS 5/12-101; Dunn v. Thompson, 174 Ill.App.3d 944, 947, 529 N.E.2d 297, 299 (Ill.App. 4th Dist. 1988). The interim fee orders would be final orders after Gibson's bankruptcy was dismissed. The Bankruptcy Court approved the appointment of Narmont as Gibson's attorney in the original Chapter 11 proceeding, approved the fee arrangement, reviewed the interim fee applications, and awarded the fees for services rendered. See 11 U.S.C. §§ 327, 330, 331 1107. The Court also approved requests for additional fees when the case converted to Chapter 12. 11 U.S.C. §§ 330(a)(4)(B), 1203. The interim fee orders were interlocutory when they were entered in the ongoing bankruptcy. In re Hadley, 2007 WL 1832037, at *9 (C.D. Ill. 2007). Such interlocutory orders become final and appealable when the bankruptcy is concluded. Id. In this case, Gibson's bankruptcy was concluded when the case was dismissed. Thus, after the dismissal, the interim orders became final and appealable. Id. Once the interim orders were final and appealable, they were judgments. A "judgment" is any order

from which an appeal lies. Bankr. Rule 9002(5); Fed. R. Civ. P. 54(a).

A judgment on which a creditor can record a memorandum of judgment, however, must also order the payment of a definite sum. Dunn, 529 N.E.2d at 299. Based on the record on appeal, the Court cannot determine the sum of money that the Bankruptcy Court awarded to Narmont. The Bankruptcy Court was required to approve Narmont's fees in the Chapter 11 and his fee applications in the Chapter 12. 11 U.S.C. §§ 330, 331. The three interim orders appear to state that the Bankruptcy Court approved a total of $19,436.25 in fees and expenses. The first order approved $3,293.75 in fees, plus $619.00 in expenses. The second order approved $8,560.50 in fees. The third approved $6,963.00 in fees. The subsequent orders do not appear to supersede the prior orders because the fees awarded in the third order were less than the sum awarded in the second. If the third order superseded the second, then Narmont's fees would have been reduced. This seems highly unlikely. The record on appeal, however, does not contain the fee applications or the transcripts of any hearings regarding the fee applications. The Court, therefore, does not have a record on which to determine the sum actually approved.

Narmont states that the Bankruptcy Court actually approved fees and

expenses totaling $17,202.00, consisting of the $10,239.00 pre-petition retainer and expense payment made by the Gibsons, plus the $6,963.00 approved in the third interim order. Brief of Appellant, at 1-2. According to Narmont, the third fee order, then, was an order to pay the definite sum still due and owing, $6,963.00. Gibson submitted a copy of Narmont's billings to the Bankruptcy Court. Gibson Letter, attached Billing Dated April 25, 2005. Those billings are consistent with Narmont's position. Thus, Narmont may be correct, but the practice would have been unorthodox. The Bankruptcy Court must approve all fees in a Chapter 11 case that is converted to a Chapter 12 case, not just the fees in excess of a pre-petition retainer or expense payment. 11 U.S.C. § 330. Thus, if Narmont is correct, the Bankruptcy Court should have approved the full $17,202.00 in fees and expenses, not just the amount in excess of the pre-petition payments. Again, without a record, the matter is unclear. Hence, this Court cannot evaluate whether any of the interim orders is sufficiently clear to constitute an order to pay a definite sum.

On remand, the Bankruptcy Court should address the matter anew and give Narmont a full opportunity to present his case. Narmont may have additional evidence to show that he, in fact, did not violate the stay or

the terms of the plan. If Narmont violated the stay or the terms of the confirmed plan, the Bankruptcy Court may determine the appropriate sanction, if any. With respect to the interim fee orders, the Bankruptcy Court can review the full bankruptcy record to determine whether the orders are sufficiently clear to constitute a final order for the payment of a definite sum.

THEREFORE, the decision of the Bankruptcy Court is REVERSED and REMANDED for further proceedings consistent with this Opinion. All motions pending before this Court are denied as moot. This case is closed before this Court.

IT IS THEREFORE SO ORDERED.

ENTER: May 15, 2009

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
    UNITED STATES DISTRICT JUDGE